IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| TAMARA HESTER, et al., *Plaintiffs*, v. BLAZESOFT, LTD., et al., *Defendants*. | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

Defendants Blazesoft Ltd., SCPS, LLC d/b/a Zula Casino ("Zula"), Social Gaming, LLC d/b/a Fortune Coins ("Social Gaming"), and SSPS, LLC d/b/a Sportzino ("Sportzino") (collectively, the "Companies"), by and through their undersigned counsel, pursuant to 9 U.S.C. § 205, as well as 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby specially appear and, preserving all defenses (including lack of personal jurisdiction and the right to move to compel arbitration), removes this action from the Circuit Court of Franklin County, Alabama.

Pursuant to 28 U.S.C. § 1446(d), the Companies will file a Notice of filing Notice of Removal with the Clerk of the Circuit Court of Franklin County, Alabama, attaching a copy of this Notice (with exhibits) and will concurrently serve the parties, through counsel, with the same.

In support of this Notice of removal, the Companies state as follows:

## JURISDICTION AND VENUE

1. A defendant has a right of removal where an action brought in state court is one over which the district court has original jurisdiction. 28 U.S.C. § 1441.

2. This Court has original jurisdiction over this action because the arbitration agreement is governed by federal law pursuant to 9 U.S.C. § 205, *et seq*.

3. Alternatively, this Court also has original jurisdiction over this action because (1) this action is purportedly brought on behalf of a putative class consisting of more than 100 members; (2) minimal diversity exists between the parties; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

4. Venue is proper in the Northern District of Alabama because the state court action was filed in the Circuit Court of Franklin County, Alabama, and Defendant has complied with the procedural requirements of 9 U.S.C. § 205 and 28 U.S.C. § 1446, and this Court is the district "embracing the place where the action or proceeding is pending." 9 U.S.C. § 205.

5. Additionally, venue is proper in this district because Defendant has complied with the procedural requirements of 28 U.S.C. §§ 1446 and 1453, and this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also id.* at § 81(a)(1).

## OVERVIEW OF THE STATE COURT ACTION

6. On June 26, 2025, Tamara Hester, as sole plaintiff, initiated this action against one defendant, Blazesoft Ltd., by filing a Complaint in the Circuit Court of Franklin County, Alabama, Case No. 33-CV-2025-900094.00.

7. Defendant Blazesoft, Ltd. moved to dismiss the initial complaint for lack of personal jurisdiction and moved to compel arbitration on September 26, 2025.

8. The Parties conferred and agreed that Plaintiff Tamara Hester's claims against Blazesoft Ltd. could be sent to arbitration. The Parties submitted a proposed agreed order to that effect on October 21, 2025.

9. The court entered the proposed order on October 21, 2025, compelling arbitration and staying proceedings (the "Arbitration Order," State Court Dkt. No. 27).

10. On October 22, 2025, Plaintiff filed an Amended Complaint. (State Court Dkt. No. 29.) The Amended Complaint joined Plaintiffs Hunter Blake Jackson and Ronald McCulloch and asserted claims against Defendants Blazesoft Ltd., Zula, Social Gaming, and Sportzino.

11. Defendants Zula, Social Gaming, and Sportzino, did not receive the Amended Complaint through service or otherwise.

12. On November 18, 2025, Plaintiffs filed a motion requesting that the court clarify the Arbitration Order. (State Court Dkt. No. 39.) The court granted the motion and clarified that the Arbitration Order applied only to Plaintiff Hester. (State Court Dkt. No. 43.) The Arbitration Order did not compel Plaintiffs Hunter Blake Jackson and Ronald McCulloch to arbitrate their claims or stay proceedings as to their claims. The court further explained that Defendants retained the ability to move to compel arbitration of claims by any Plaintiff not subject to the Arbitration Order.

13. On November 19, 2025, Plaintiffs filed a Second Amended Complaint ("SAC"), joining Plaintiff Brandon Steward. (State Court Dkt. No. 45.)

14. Plaintiff seeks to represent a class broadly defined as "All Alabama residents who spent money purchasing virtual coins on Defendants' websites . . . and suffered a net loss . . . within the six months preceding the filing of this complaint and continuing to a date to be set by the Court following Certification." (SAC ¶ 34.)

15. Plaintiffs' Prayer for Relief purports to seek, in pertinent part: (1) an order certifying this case as a class action; (2) a final judgment against Defendants awarding their net losses on Defendants' Platforms in the six months preceding the filing of the complaint and continuing through until the entry of judgment; (3) interest and costs; and (4) any other applicable relief. (*See* SAC, Prayer for Relief.)

16. On December 2, 2025, the Parties met and conferred, and Defendants agreed to accept service of the Summons and Second Amended Complaint.

17. The Parties also agreed to a joint response deadline of February 2, 2026, for all Defendants. On December 4, 2025, the court entered an order extending Defendants' time to respond to the Second Amended Complaint to February 2, 2026. (State Court Dkt. No. 52.)

18. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders in the state court case to date are attached hereto as **Exhibit A**.

19. Defendant reserves all defenses, including but not limited to, those under Fed. R. Civ. P. 12(b), and the right to move to compel arbitration. *See Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1323 (11th Cir. 2021) (citing *Freeman v. Bee Machine Co.*, 319 U.S. 448, 449–51 (1943)); *S&H Contractors, Inc. v. A.J. Taft Coal. Co.*, 907 F.2d 1507 (11th Cir. 1990); *see also Hicks v. Am. United Life Ins., Co.*, 2011 WL 13233202, at *11 (N.D. Ala. Jan. 19, 2011) (concluding that removal is insufficient to establish that defendants acted inconsistently with the right to arbitrate).

## GROUNDS FOR REMOVAL

### I. Chapter Two of the Federal Arbitration Act

20. Under 28 U.S.C. § 1446(a), a notice of removal need only contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Moreover, the Supreme Court has

4

held that a defendant's notice of removal "need only include a plausible allegation" that the jurisdictional requirements are satisfied. *Dart Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014).

21.  Removal of this case is proper under 9 U.S.C. § 205.  This provision permits the Defendants to a case to remove a case any time before trial when "the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement" falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention").

22.  The Convention governs an arbitration agreement if: (1) it is in writing, (2) the place of the arbitration is in a country that is a signatory to the Convention, (3) the dispute arises out of a commercial relationship, and (4) a party to the agreement is not an American citizen, or the agreement has some other reasonable relationship with one or more foreign states. 9 U.S.C. § 202; *see also Northrop & Johnson  Yachts-Ships, Inc. v. Royal Van Lent Shupyard, B.V.*, 855 F. App'x. 468, 472 (11th Cir. 2011).

23.  Here, the arbitration agreement is governed by the Convention.  There is an agreement in writing because in order to access each of the Defendants' platforms, users must agree to the arbitration agreement contained in the platforms' terms of service. (Declaration of Yuliy German ("German Decl.") ¶¶ 14–17); *see also Chambers v. Groome Transp. Alabama*, 41 F. Supp.3d 1327, 1340 (M.D. Ala. 2014).

24.  Second, the United States is a signatory to the Convention, which is further codified at 9 U.S.C. § 201, *et seq*.

25.  This dispute is commercial in nature because it concerns purchases made on the Defendants' internet websites. Finally, Blazesoft is a Nova Scotia limited company with its

principal place of business in Ontario, Canada. Thus, a party to this case is not an American citizen, and this matter otherwise has a reasonable relationship to one or more foreign states. *See* 9 U.S.C. § 202. As a federal court in the Northern District of Illinois recently recognized, there is "no viable argument" that the Zula arbitration agreement does not satisfy these criteria. *Ambrosia v. Blazesoft Ltd.*, No. 25 C 1723, 2025 WL 2976477, at *3 (N.D. Ill. Oct. 21, 2025) (emphasis added); *see also Boatner v. SSPS LLC*, No. 25 Civ. 3251, 2025 WL 3281509, at *2 (DEH) (S.D.N.Y. Nov. 25, 2025).

## II. Class Action Fairness Act

### A. The Proposed Class Readily Exceeds 100 Members.

26.  Although Defendant denies any and all liability as to Plaintiff's claims and denies that this matter should proceed at all, let alone as a class action, removal of this case is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

27.  A "class action" under CAFA includes any civil action filed under the Federal Rule of Civil Procedure 23. 28 U.S.C. § 1332(d)(1)(B). Under CAFA, a federal district court has jurisdiction over a "class action" when (1) there is minimal diversity of citizenship between the parties, *i.e.*, if "any member of a class of plaintiff is a citizen of a State different from any defendant," (2) the "aggregate amount in controversy exceeds $5 million," and (3) the proposed class contains at least 100 members. 28 U.S.C. § 1332(d)(2), (5).

28.  Plaintiff's proposed class definition broadly includes "All Alabama residents who spent money purchasing virtual coins on Defendants' websites . . . and suffered a net loss" in the twelve months prior to the filing of the complaint, and through any final entry of judgment. (SAC ¶ 34.) This period beginning June 26, 2024, is referred to as the "Loss Recovery Period".

29. Here, the allegation of the complaint establishes that there "are thousands of Alabama residents who are members of the class." (SAC ¶ 35.) Similarly the German Declaration establishes that there are at least 100 members within the proposed class. (German Decl. ¶ 25.)

30. Defendant's business records reflect that during the six months prior to the First Amended Complaint, there were more than 10,000 people in the state of Alabama who made a purchase on the Defendants' Platforms. (*Id.*)

31. Given these circumstances, Defendants have plausibly alleged that a sufficient number of class members exist for removal under CAFA's threshold requirements.

**B. The Amount in Controversy Exceeds $5 Million.**

32. Pursuant to 28 U.S.C. § 1332(d)(2), the district court "shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." To "determine whether the matter in controversy" exceeds $5 million, "the claims of the individual class members shall be aggregated," 28 U.S.C. § 1332(d)(6), and those "class members" include "persons (named or unnamed) who fall within the definition of the proposed or certified class." *Id.* § 1332(d)(1)(D).

33. To establish that the amount in controversy exceeds the jurisdictional amount, the defendant must only make a plausible claim that the amount in controversy exceeds the jurisdictional threshold. *Dart*, 574 U.S. at 84.

34. Generally, a federal district court will first consider whether it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). However, a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the

7

required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* at 754–55. To this end, the Eleventh Circuit has explained that when it is unclear from the face of the complaint whether the amount in controversy exceeds the amount in controversy threshold, the defendant need only establish by a "preponderance of the evidence" that the amount in controversy exceeds $5 million. *Id.* at 752.

35.     Plaintiff's proposed class definition broadly includes all Alabama residents who incurred a net loss while using the Platform during the six-months preceding the complaint, until the entry of judgment. According to Defendants' business records, purchases on Defendants' Platforms by users in the State of Alabama who incurred a net loss during are projected to exceed $5 million during the Loss Recovery Period. (German Decl. ¶ 26.)

36.     While Defendants deny that Plaintiff or the putative class should be or will be entitled to any recovery or relief whatsoever, if the Court were to award the relief sought by Plaintiffs, the financial loss to Defendants from the monetary relief requested by Plaintiffs would exceed $5 million exclusive of costs and interest. Given these circumstances, CAFA's amount-in-controversy requirement is satisfied.

**C. Minimal Diversity Exists Among the Parties**

37.     To establish federal jurisdiction, a defendant must show only minimal diversity—*i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(a); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1202 (11th Cir. 2007).

38.     For diversity of citizenship, a corporation is "deemed to be a citizen of a State by which it has been incorporated" and also a citizen "of the State where it has its principal place

of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (citing U.S.C. §§ 1332(c)(1)).

39. At the time this action was commenced, Defendant Blazesoft was and remains a foreign company formed under the laws of Nova Scotia, and with its principal place of business in Ontario, Canada. (German Decl. ¶ 5; SAC ¶ 9.) Thus, for purposes of diversity, Blazesoft is a citizen of a foreign state. 28 U.S.C. § 1332(c)(1).

40. For diversity of citizenship, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Zula, Social Gaming, and Sportzino are all limited liability companies whose sole member is a citizen of Delaware. (German Decl. ¶¶ 6–9.) Thus, for purposes of diversity, Zula, Social Gaming, and Sportzino are citizens of Delaware.

41. According to the allegations in the Complaint, at the time this action was commenced, all of the Plaintiffs are resident citizens of Franklin County, Alabama. (SAC, ¶¶ 6–9.) Thus, Plaintiffs are citizens of Alabama for purposes of diversity jurisdiction.

42. Diversity of citizenship exists between Defendant and at least one member of the proposed class. Thus, removal is proper. 28 U.S.C. § 1332(d)(2)(A).

## **CONCLUSION**

43. Removal of this action is proper under 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453.

44. Removal of this action is also proper under 9 U.S.C. § 205.

45. Defendants reserve all defenses, including defenses based on lack of personal jurisdiction and arbitrability of the claims alleged in the Second Amended Complaint.

Dated: December 19, 2025                              Respectfully submitted,

/s/*Gerald P. Gillespy*
Forrest S. Latta (LATTF0526)
Gerald P. Gillespy (GILLG3726)

**BURR & FORMAN LLP**
11 N. Water Street, Suite 22200
Mobile, AL 36602
Tel: (251) 344-5151
Fax: (251) 344-9696
Email: flatta@burr.com

420 North 20th Street
Suite 3400
Birmingham, AL 35203
Tel: (205) 251-3000
Fax: (205) 458-5100
Email: ggillespy@burr.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 19th day of December, 2025.

Jeffrey L. Bowling
John A. McReynolds, IV
Evan M. Hargett
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
jeffbrbpc@bellsouth.net
john@rbmattorneys.com
evan@rbmattorneys.com

John E. Norris
D. Frank Davis
Wesley W. Barnett
Dargan M. Ware
DAVIS & NORRIS, LLP
Telephone: 205.930.9900
Facsimile: 205.930.9989
jnonis@davisnorris.com
fdavis@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

                                /s/ *Gerald P. Gillespy*
                                OF COUNSEL